UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-95-GWU

MIMA FRANCIS, THE NATURAL MOTHER OF
K.I.F.,                                                                                              PLAINTIFF

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

## INTRODUCTION

The plaintiff, by and through his mother, Mima Francis, brought this action to obtain judicial review of an unfavorable administrative decision on his application for Child's Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 <u>strict</u> standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

1

07-95 Francis

equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2. 20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. Section 416.924. If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI. Section 416.926a. Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning). Id.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that K.I.F., a 10-year-old fourth grader, suffered from asthma and bronchitis. (Tr. 235). Since the plaintiff's impairments would cause no more than minimal functional limitations, these problems could not be considered "severe." (Id.). Therefore, the claimant could not be considered totally disabled. (Tr. 236).

An earlier application for Child's SSI was filed on behalf of K.I.F. in April of 2003. (Tr. 52). This application was denied at all administrative levels and became final as of April 12, 2004. (Tr. 14-21). The denial decision was appealed to federal

07-95 Francis

district court. On June 1, 2005, the Honorable Karen K. Caldwell affirmed the denial decision. <u>Francis v. Barnhart</u>, Pikeville Civ. A. No. 04-240. The plaintiff filed his current application for Child's SSI on July 19, 2004. (Tr. 277-279). The relevant time period for this application runs from this filing date.[1]

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that K.I.F. did not suffer from a "severe" impairment. Dr. Jo Anne Sexton, a non-examining medical reviewer, evaluated the record in January of 2005 and opined that the plaintiff's impairments were not "severe." (Tr. 362). This opinion offsets that of Dr. Dennis Penn, another reviewer, who indicated that the claimant had a "severe" impairment. (Tr. 355). However, Dr. Penn did not indicate that a Listing had been met or "medically equaled." He reported no limitations in five of the six "domains"[2] and the only restriction noted was a "less than marked" one in the domain of health and physical well-being. (Tr. 357-358). Such a modest restriction would not be sufficient to "functionally equal"

---

[1] The proper inquiry in a claim of SSI is whether the plaintiff was disabled on or after her application filing date. <u>Casey v. Secretary of Health and Human Services</u>, 987 F.2d 1230, 1233 (6th Cir. 1993).

[2] The domains are "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. Section 416.926a(b)(1).

a Listing as well, since one must show a "marked" restriction in at least two domains or an "extreme" restriction in one domain and, so, this report would also not support the plaintiff's claim.  Therefore, the opinion of neither reviewer supported K.I.F.'s claim of disabled status.

K.I.F. was treated at Appalachian Regional Healthcare (Appalachian) during the time frame pertinent to this appeal.  These medical records reveal treatment for mild to moderate asthma, tonsillitis, strep throat, allergic rhinitis, and gastroenteritis. (Tr. 369-429).  Physical examinations of the patient, with occasional exceptions, were generally found to be free of wheezing, crackles or rhonchi.  (Tr. 378, 382, 388, 396, 398, 403, 412-413, 421, 423-424).  The Appalachian treatment records do not identify functional restrictions which would support the existence of a "severe" impairment.

Mima Francis, the child's mother, testified that her son's primary problem was asthma.  (Tr. 435).  He periodically experienced exacerbations of the condition which were said to be related to weather, with the hot summer season the most difficult time for him.  (Tr. 436).  The asthma condition restricted the young man from being outside.  (Tr. 439).  He had difficulty running, jumping and keeping up with other children during play. (Id.).  However, he did enjoy watching television and playing the "X-box," a video game. (Tr. 439-440).  The mother reported that her son had not required hospitalization for his asthma condition.  (Tr. 438).  He had never

07-95   Francis

been referred to an asthma specialist. (Tr. 441). Despite his health problems, the mother indicated that he only missed about three days of school the previous year. (Tr. 442). His grades were said to be good, with the child making As and Bs. (Tr. 435). Behavioral problems, which had been an issue at the time of the boy's prior Child's SSI application, were reported to have resolved. (Tr. 440). Therefore, the testimony of Mima Francis does not suggest the existence of the kind of "marked" or "severe" restrictions required for an impairment to be considered disabling under the requirements of the Welfare Reform Act.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of February, 2008.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**